UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>      Plaintiff,<br><br>  v.<br><br>WATERLOO ENTERPRISES, INC.,<br><br>      Defendant. | No. 2:16-cv-711-MCE-KJN<br><br><br>ORDER |

INTRODUCTION

    Presently pending before the court is plaintiff Scott Johnson's motion for default judgment against defendant Waterloo Enterprises, Inc., which is the only named defendant in this action. (ECF No. 8.)[1] After defendant twice failed to file an opposition to the motion, the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 10.) For the reasons discussed below, plaintiff's motion is GRANTED IN PART on the terms outlined below.

BACKGROUND

    Plaintiff initiated this action on April 4, 2016, alleging violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and California's Unruh Civil

---

[1] All parties who appeared in the action have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 11.)

1

Rights Act, Cal. Civ. Code §§ 51 et seq. (See generally Complaint, ECF No. 1 ["Compl."].) Plaintiff, a level C-5 quadriplegic who cannot walk, has significant manual dexterity impairments, and uses a wheelchair and a specially-equipped van, alleged that defendant owns a business establishment and place of public accommodation known as Clarion Inn and Suites and the Sutter Street Bar and Grill, located at 4219 E. Waterloo Road, Stockton, California. (Compl. ¶¶ 1-13, 18.) According to plaintiff, he patronized the establishment in March 2014, April 2014, August 2014, September 2014, and January 2015; and encountered several specific architectural barriers to access at the establishment in violation of the ADA and the ADA Accessibility Guidelines pertaining to disabled parking spaces, guestrooms, registration counters, and restrooms. (Id. ¶¶ 19-103, 104-108.) Plaintiff further alleged that removal of the identified barriers is readily achievable, because they could be removed without much difficulty or expense. (Id. ¶ 112.) Plaintiff's complaint sought injunctive relief; monetary damages; and attorneys' fees, litigation expenses, and costs of suit. (Id. at 16.)

After defendant was properly served with process, defendant failed to appear, and the Clerk of Court ultimately entered defendant's default on February 16, 2017, pursuant to plaintiff's request. (ECF Nos. 4-6.) The instant motion for default judgment followed. (ECF No. 8.)

Plaintiff's motion for default judgment seeks injunctive relief for removal of unlawful architectural barriers pursuant to the ADA; statutory damages pursuant to California's Unruh Civil Rights Act; and attorneys' fees and costs pursuant to the ADA and California's Unruh Civil Rights Act.

LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim").  A party's default does not establish the amount of damages.  Geddes, 559 F.2d at 560.

DISCUSSION

Appropriateness of the Entry of Default Judgment Under the Eitel Factors

1. *Factor One: Possibility of Prejudice to Plaintiff*

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment.  See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Here, plaintiff would potentially face prejudice if the court did not enter a default judgment.  Absent entry of a default judgment, plaintiff would be without another recourse against defendant.  Accordingly, the first Eitel factor favors the entry of a default judgment.

2.  *Factors Two and Three: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The court considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

a.  ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." Id. § 12182(b)(2)(A)(iv); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) (en banc). The ADA defines the term "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his or her] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). Furthermore, "[t]o succeed on a ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." Parr v. L & L Drive-Inn Rest., 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000); accord Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1138 (S.D. Cal. 2006).

Here, plaintiff's complaint alleges that: (1) he is disabled; (2) defendant owns the business establishment at issue, which is a place of public accommodation; (3) plaintiff was

denied full and equal access to the establishment's facilities, privileges, and accommodations because of plaintiff's disability; (4) the establishment contains specified architectural barriers in violation of the ADA; and (5) removal of such barriers was readily achievable. Because plaintiff's allegations are taken as true following the entry of default, the court concludes that plaintiff has met his burden to state a prima facie Title III discrimination claim.

                                                        b.        Unruh Civil Rights Act

The Unruh Civil Rights Act provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). As expressly provided by statute, a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code § 51(f); see also Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-65 (2009). Here, because plaintiff's complaint properly alleges a prima facie claim under the ADA, plaintiff has also properly alleged facts supporting a claim under the Unruh Civil Rights Act.

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

                                    3.        *Factor Four: The Sum of Money at Stake in the Action*

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In this case, plaintiff seeks injunctive relief under the ADA; statutory damages under California's Unruh Civil Rights Act in the amount of $12,000.00; and attorneys' fees and costs in the amount of $5,010.00. Although the court more closely scrutinizes the requested statutory damages, attorneys' fees and costs below, the court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the court concludes that this factor favors the entry of a default judgment.

////

4. *Factor Five: The Possibility of a Dispute Concerning Material Facts*

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

5. *Factor Six: Whether the Default Was Due to Excusable Neglect*

In this case, there is simply no indication in the record that defendant's default was due to excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

6. *Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits*

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant. All that remains is a determination of the specific relief to which plaintiff is entitled.

Terms of the Judgment to Be Entered

After determining that a party is entitled to entry of default judgment, the court must determine the terms of the judgment to be entered.

////

Because plaintiff satisfactorily alleged his ADA claim, the court finds that plaintiff should be granted injunctive relief, as described below, to remedy the architectural barriers at issue.

Plaintiff also requests statutory damages in the amount of $12,000.00, which corresponds to three (3) obstructed visits to the establishment at issue. ($4,000.00 minimum statutory damages per visit). Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages, which would violate principles of damages mitigation. In this case, plaintiff allegedly visited the establishment in March 2014, April 2014, August 2014, September 2014, and January 2015, i.e., five (5) times. Although the court appreciates that plaintiff is only asking for statutory damages pertaining to three (3) obstructed visits, plaintiff has made no showing as to why he visited and returned to the facility even that many times. Notably, plaintiff is a resident of neighboring Sacramento County, and he fails to explain why he would patronize a hotel and restaurant facility in Stockton, California so frequently. Moreover, plaintiff does not allege that he returned to the establishment after having received good faith assurances from the establishment's representatives that the architectural barriers were removed. In light of such deficiencies, the court finds that plaintiff is only entitled to minimum statutory damages corresponding to one (1) visit to the establishment, i.e., $4,000.00.

Finally, plaintiff requests attorneys' fees and costs. The statutes at issue specifically contemplate the award of attorneys' fees and costs. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). Thus, the only issue is whether the requested amount of attorneys' fees and costs ($5,010.00) is reasonable.

Plaintiff requests $420.00 in filing fees and service costs, which are reasonable and should be awarded. (ECF No. 8-4, ¶ 5.)

Plaintiff further indicates that plaintiff's counsel, Mark Potter, a founding partner at the Center for Disability Access, who has been in practice for 23 years with a practice dedicated exclusively to disability-related issues, spent 10.8 hours on this case, billing at an hourly rate of $425.00, for a lodestar amount of $4,590.00 in attorneys' fees. (ECF No. 8-4, ¶¶ 5-6.) Although

the number of hours spent on the case appear reasonable, the court finds Mr. Potter's hourly rate of $425.00 to be excessive in light of prevailing market rates in the Sacramento Division of the Eastern District of California. Notably, another judge in this district relatively recently determined that an hourly rate of $300.00 was appropriate for plaintiff's counsel, as a partner with significant experience and expertise, in a routine disability access case. See Johnson v. Wayside Property, Inc. et al., 2:13-cv-1610-WBS-AC, ECF No. 32. The court finds Wayside Property to be persuasive, because it involved a careful consideration of prevailing market rates for routine disability access cases in the Sacramento Division of the Eastern District of California. See, also, Johnson v. Mateo Development, LLC, 2:14-cv-1942-KJM-KJN, ECF Nos. 15 & 21. By contrast, plaintiff's reliance on fee awards in the Central and Southern Districts of California, as well as certain California state courts, is misplaced, because those fee awards are not instructive with respect to prevailing market rates in this federal district. Instead, the court here likewise concludes that an hourly rate of $300.00 is appropriate, resulting in a fee award of $3,240.00.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment (ECF No. 8) is GRANTED IN PART.
2. Judgment is entered in plaintiff's favor and against defendant.
3. Plaintiff is awarded statutory damages in the amount of $4,000.00.
4. Plaintiff is awarded attorneys' fees in the amount of $3,240.00 and costs in the amount of $420.00.
5. Defendant is ordered to provide compliant and accessible handicap parking, an accessible guestroom, an accessible transaction counter, and an accessible restroom at the business establishment named Clarion Inn and Suites and the Sutter Street Bar and Grill, located at 4219 E. Waterloo Road, Stockton, California, in compliance with the ADA and the ADA Accessibility Guidelines.
6. The Clerk of Court shall close this case.

Dated: November 21, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE